IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUKHOLIK UTKIROVICH ABDUJABBOROV,<br>Petitioner,<br><br>v.<br><br>LEONARD ODDO, et. al.,<br>Respondents. | ) | Civil No. 26-1837 |

**MEMORANDUM OPINION**

Pending before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) filed by counsel on behalf of petitioner Abdukholik Utkirovich Abdujabborov ("Abdujabborov"), a citizen and national of Uzbekistan, with brief in support (ECF No. 2). Respondents filed a Response to the petition (ECF No. 9), with attached exhibits. Abdujabborov filed a reply brief (ECF No. 10). The petition is ripe for decision.

Abdujabborov has been in the United States since 2022 and in Respondents' custody since September 9, 2026 (approximately two months), since the cancellation of his Order of Release while his asylum claim in under review (ECF No. 9-1). He is currently detained at the Moshannon Valley Processing Center in Philipsburg, Pennsylvania. Abdujabborov asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), rather than mandatory detention under § 1225(b)(2) and was previously released. As such, he contends that he is entitled to a bond hearing in which the government will bear the burden of proof.

Respondents contend that Abdujabborov is an arriving alien and is therefore subject to mandatory detention. Respondents, however, recognize the binding precedent in this circuit, in

*Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3rd Cir. Aug. 28, 2026). In *Buele Morocho*, the Court of Appeals for the Third Circuit concluded that noncitizens detained in the interior of the United States are detained under § 1226(a) and are therefore entitled to an individualized bond hearing. Respondents suggest that a bond hearing would be sufficient to satisfy due process. Respondents also recognize that courts in this district do not require petitioners to exhaust administrative remedies (ECF No. 9 at 2-3).

In the present case, both parties acknowledge that Abdujabborov was present in the country at the time of his most recent arrest. Following *Buele Morocho*, the court concludes that Abdujabborov's detention is governed by § 1226(a). Because his detention is governed by § 1226(a), Abdujabborov has a statutory right to an individualized bond hearing.

The burden of proof at this bond hearing will remain on Abdujabborov. *See Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) (finding that the burden of proof always remains on the detainee under § 1226(a)); *see also Abdoulaye Ba v. Oddo*, No. 26-1466, 2026 WL 2529806, at *2 (W.D. Pa. Aug. 27, 2026). The court notes that, even if a burden-shifted bond hearing for § 1226(a) detainees could be considered by this court, the court would not shift the burden because Abdujabborov's detention (approximately two months) has not become unreasonably prolonged. *German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 210-11 (3d Cir. 2020); *C.f. Foula Bah, v. Oddo*, No. 3:26-CV-01393, 2026 WL 2561261, at *3 (W.D. Pa. Aug. 31, 2026) (concluding that the burden of proof shifted where the petitioner had been detained for over eleven months).

To the extent Petitioner seeks an award of attorneys' fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), the court declines to award them. Under the EAJA, a court may award fees and expenses to a prevailing party against the United

States, unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The court concludes that Respondents' interpretation of § 1225(a), while deemed to be incorrect in *Buele Morocho*, is substantially justified. The court is mindful that the United States Court of Appeals for the Third Circuit's decision was 2-1 and that two United States Courts of Appeals to have considered this issue ruled that "applicant for admission" includes noncitizens like Petitioner who have resided in the interior of the country for years. The court concludes that Petitioner is not entitled to attorneys' fees under the EAJA.

Conclusion

For the reasons set forth above, the Petition for Writ of Habeas Corpus (ECF No. 1) will be GRANTED IN PART and DENIED IN PART. It will be GRANTED in that within ten (10) days of this Order, Abdujabborov must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a). The petition will be DENIED to the extent it requests any additional relief.

An appropriate order follows.

Dated: November 10, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge